NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREVOR MCFARLANE, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> BRIAN ELWOOD et al., : <br> : <br> Respondents. : | Civil Action No. 13-0350 (JAP) <br><br> **OPINION** |

On January 17, 2013, Petitioner Trevor McFarlane ("Petitioner"), then a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention. See Docket Entry No. 1. Petitioner asserted that he was unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226(c).

Being mindful of the persuasive then-entered Fourth Circuit decision in Hosh v. Lucero, 680 F.3d 375, 384 (4th Cir. 2012) (concluding "that the BIA's interpretation of § 1226(c) . . . was reasonable, and must be accorded deference"), and analogous prior proceedings in this District finding the challenge fostered by Petitioner without merit, see, e.g., Espinoza-Loor v. Holder, 2012 U.S. Dist. LEXIS 91307 (D.N.J. July 2, 2012); Diaz v. Muller, 2011 U.S. Dist. LEXIS 85971 (D.N.J. Aug. 4, 2011); Desrosiers v. Hendricks, No. 11-4643, 2011 U.S. Dist. LEXIS 154971 (D.N.J. Dec. 30, 2011), this Court withheld ruling on the instant matter since the Court of Appeals for the Third

Circuit was about to offer conclusive guidance as to the proper interpretation of § 1226(c) in <u>Sylvain v. Holder</u>, U.S.C.A. Index No. 11-3357 (3d Cir. docketed Aug. 31, 2011).

On April 22, 2013, the Court of Appeals resolved the challenge raised by Petitioner, holding that, even if 8 U.S.C.S. § 1226(c)(1) called for detention when an alien was released, nothing in the statute suggested that the immigration officials would lose their authority to effectuate the removal proceeding and mandatorily detain the alien if they delayed.  <u>See</u> <u>Sylvain v. AG of the United States</u>, __ F.3d __, 2013 U.S. App. LEXIS 7937 (3d Cir. Apr. 22, 2013).  The Court of Appeals, therefore, ruled that an alien raising the claim fostered here was not entitled to habeas relief simply because the alien asserted that the immigration officials delayed taking him/her into custody.  <u>See</u> <u>id.</u>

Correspondingly, as stated in the Petition, Petitioner's challenge is without merit. However, this Court cannot rule out that Petitioner might have envisioned a claim somewhat different from that resolved in <u>Sylvain</u> or, in the alternative, that Petitioner's circumstances so changed as to provide a basis for an alternative habeas claim. Therefore, the Court will dismiss this matter without prejudice to Petitioner raising his habeas challenges not precluded by <u>Sylvain</u> in a new and separate § 2241 petition.

An appropriate Order follows.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: May 15, 2013

2